UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL A. RISPERS,

                              Plaintiff,

          -against-                                        1:19-CV-7443 (CM)

C.O. JOHN DOE; C.O. JOHN DOE; C.O.                         TRANSFER ORDER
JOHN DOE,

                              Defendants.

COLLEEN McMAHON, Chief United States District Judge:

          Plaintiff, currently incarcerated at the Central New York Psychiatric Center, brings this

*pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights during his

incarceration at Attica Correctional Facility. For the following reasons, this action is transferred

to the United States District Court for the Western District of New York.

          Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in

which any defendant resides, if all defendants are residents of the State in which the district is

located; (2) a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section,

any judicial district in which any defendant is subject to the court's personal jurisdiction with

respect to such action." Under § 1391(c), a "natural person" resides in the district where the

person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial

district where it is subject to personal jurisdiction with respect to the civil action in question. *See*

28 U.S.C. § 1391(c)(1), (2).

          Plaintiff alleges that in January 2019, three John Doe corrections officers at Attica

Correctional Facility denied him access to adequate medical care. Attica Correctional Facility is

located in Wyoming County, New York. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Wyoming County, which is in the Western District of New York. *See* 28 U.S.C. § 112(d). Accordingly, venue lies in the Western District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 12, 2019
          New York, New York

_____
          COLLEEN McMAHON
        Chief United States District Judge